# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELOISA BURLINGAME, | ) | 1:06cv1734 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANT'S MOTION TO QUASH NOTICES OF TAKING DEPOSITIONS AND SUBPOENAS FOR RECORDS IN PART |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | (Document 18) |
| COUNTY OF CALAVERAS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant County of Calavaras ("County") filed the instant motion to quash notices of taking depositions and subpoenas for records on May 25, 2007. The matter was heard on July 6, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. David De-Ben Cheng appeared on behalf of Plaintiff Eloisa Burlingame ("Plaintiff") and Michael Woods appeared on behalf of County.

**BACKGROUND**

Plaintiff filed the instant action for damages against County on October 27, 2006, asserting claims for discrimination and harassment on the basis of both gender and race; failure to prevent said discrimination and harassment; intentional and negligent infliction of emotional distress; and negligent supervision. The discrimination and harassment claims are brought pursuant to both 42 U.S.C. §2000(e) et seq. (hereinafter "Title VII") and California Government Code §12900 et seq. (hereinafter the "Fair Employment and Housing Act" or "FEHA"). The

1  remainder of the claims arise under California law.  All of Plaintiff's claims are predicated on
2  alleged severe and pervasive discrimination and harassment she experienced while working at
3  the County's landfill.  Among other things, Plaintiff claims she was constantly a) belittled,
4  denigrated, disparaged or ignored by other employees and her superiors; b) denied the
5  opportunity to learn to operate equipment; c) not considered for promotion or expansion of her
6  responsibilities; d) exposed to pornography throughout the workplace; e) forced to endure
7  offensive sexual and/or racial jokes and slurs; and f) threatened and/or assaulted, all due to her
8  gender and race.  As a result, Plaintiff alleges she became extremely uncomfortable at work,
9  found it increasingly difficult to perform her job responsibilities, and eventually was disabled due
10 to extreme anxiety or panic and severe depression.

11       Plaintiff initially filed a discrimination/harassment complaint form with County on
12 January 30, 2006.  The investigation was undertaken at County's request by attorney Julie A.
13 Gonzales of Palmer & Kazanjian, LLP.  County contends an independent investigation by an
14 outside attorney was initiated by Human Resources Director Francine Osborn because of the
15 breadth of the complaint and the likelihood of future litigation.  This litigation followed.

16       Plaintiff served two separate notices of depositions on the custodian of records for Palmer
17 & Kazanjian, LLP, each with an attached Subpoena in a Civil Case.  The first Notice with
18 attached Subpoena was served on April 26, 2007, setting the deposition for May 29, 2007.  The
19 Subpoena was directed to Julie A. Gonzales.  The second Notice with attached Subpoena was
20 served on May 1, 2007, setting the deposition for June 7, 2007.  The Subpoena is directed to the
21 Custodian of Records for Palmer & Kazanjian LLP.  Both deposition notices are for records only
22 and do not require a personal appearance.  Both Notices seek the same documents for inspection,
23 namely the investigation report prepared by Ms. Gonzales, as well as all supporting investigative
24 materials.  County contends the investigative report and all related documentation were prepared
25 on behalf of County in anticipation of litigation and are therefore work product, privileged and
26 confidential trial preparation materials.  Plaintiff argues the workplace investigation was not
27 performed in anticipation of litigation and Ms. Gonzales was not acting as County's counsel
28

when she performed the investigation and therefore the documents are not protected or privileged.

**DISCUSSION**

The "work product" doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Federal Rule of Civil Procedure 26(b)(3) provides:

> [A] party may obtain discovery documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor , insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of the attorney or other representative of a party concerning the litigation.

Fed.R.Civ.P. 26(b)(3); *see Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

The work product doctrine provides qualified, not absolute, protection which, like other qualified privileges, may be waived. *United States v. Nobles*, 422 U.S. 225, 239-40(1975). "The work product doctrine protects from discovery materials prepared by an attorney in anticipation of litigation." *United States v. Bergonzi*, 216 F.R.D. 487, 494 (N.D. Cal. 2003) *citing Hickman v. Taylor*, 329 U.S. at 511. The privilege is intended to preserve the privacy of attorneys' thought processes, and to prevent unnecessary intrusion by opposing parties and their counsel. *Id* " The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation. *United States v. Nobles,* 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

The Ninth Circuit has held that "to qualify for protection against discovery under Rule 26(b)(3), documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.' " *United States v. Torf*, 357 F.3d 900, 907 (9th Cir. 2003) *quoting In re*

*California Pub. Utils. Comm'n,* 892 F.2d 778, 780- 81 (9th Cir.1989) (quoting Fed.R.Civ.P. 26(b)(3)).

In *United States v. Torf*, 357 F.3d 900, 907, the Ninth Circuit also addressed the question whether protection under the work product doctrine may be extended to "dual purpose" documents (i.e., documents to assist a business decision that also involves pending or prospective litigation) and held that a document should be deemed prepared "in anticipation of litigation" and thus eligible for work product protection under Rule 26(b)(3) if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *United States v. Torf*, 357 F.3d 900, 907 *citing* Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal Practice & Procedure* § 2024 (2d ed. 1994) ("Wright & Miller").  The court noted that the "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document.  *Id.*  Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" *Id.*  The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation. *United States v. Nobles,* 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

Attorney Gonzales was hired by County for the purpose of securing an independent investigation.  Declaration of Francine Osborn, ¶ 3.  County sought an outside investigator, with experience in employment law matters, to conduct the investigation, rather than having the case investigated internally, in part because County anticipated the matter would end up in litigation. *Id.*  Thus, the investigative report prepared for the County by an attorney in anticipation of litigation is protected by the attorney work product doctrine.  Because the report reflects Ms. Gonzales' mental impressions, conclusions, legal theories and/or legal theories, it is entitled to greater protection.  *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981).  The Court finds no waiver by County's written disposition of the complaint and even if there was a waiver, the

waver would not extend to the mental impression, conclusion or opinions of the attorney. *See Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005).

Nevertheless, the identity and location of persons having knowledge of any discoverable matter are discoverable as are the underlying factual information included in the report. *See* Rule 26(b)(1). These various matters are not protected as work product. Where, as here, a document includes both the attorneys' mental impressions and legal theories, as well as discoverable information, disclosure may be ordered with portions deleted. *See* Adv. Comm. Notes to 1970 Amendment to FRCP 26(b)(3).

## **ORDER**

Based on the foregoing, County's motion to quash notices of taking depositions and subpoenas for records is GRANTED IN PART. Within 20 days of this Order, County shall produce the report and all documents included in the report, redacting Ms. Gonzales' mental impressions, conclusions and/or opinions.

IT IS SO ORDERED.

Dated:   **August 7, 2007**              **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE