IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOISA BURLINGAME, ) | CIV F 06-1734  AWI DLB |
| ) | |
| Plaintiff, ) | ORDER ON REQUEST FOR |
| ) | RECONSIDERATION OF |
| v. ) | MAGISTRATE JUDGE'S |
| ) | ORDER ON DEFENDANT'S |
| COUNTY OF CALAVERAS, ) | MOTION TO QUASH |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

   This is an employment discrimination case. Defendant County of Calaveras ("the County") filed a motion to quash notices of deposition and subpoenas for records. In particular, the County sought to prevent the production of an investigatory report made by an independent party for the County. The County argued the report was privileged work-product under Rule 26(b)(3). The Plaintiff opposed the motion and argued that the County's objections had been waived and that the report was not work-product because it was not made in anticipation of litigation. The Magistrate Judge held that the report was protected work product, but ordered that a redacted version be produced to Plaintiff. The County requests reconsideration of the ruling requiring the production of a redacted report. The County's request for reconsideration will be granted.

**SCOPE OF REVIEW**

   A district court may review a non-dispositive order by a magistrate judge, but the order

"must be deferred to unless it is 'clearly erroneous or contrary to law.'" Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991); see also 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. Pro. 72(a); Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); Whirlpool Corp. v. Cit Group/Business Credit, Inc., 293 F.Supp.2d 1144, 1147 (D. Haw. 2003). Accordingly, "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination." Grimes, 951 F.2d at 241. In other words, the district court reviews a magistrate's non-dispositive order for "clear error." See Grimes, 951 F.2d at 241. The district court "may not simply substitute its judgment for that of the deciding court." Id.; Whirlpool, 293 F.Supp.2d at 1147. Rather, the district court must affirm the magistrate's order unless the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992); Whirlpool, 293 F.Supp.2d at 1147. A decision may be contrary to law if it applies an incorrect legal standard, misapplies the correct legal standard, or fails to consider an element of the applicable standard. See In re Natural Gas Commodities Litig., 235 F.R.D. 241, 243-44 (S.D. N.Y. 2006); Hawaii v. Abbott Labs., Inc., 469 F.Supp.2d 842, 846 (D. Haw. 2006); Tompkins v. R.J. Reynolds Tobacco Co., 92 F.Supp.2d 70, 74 (N.D. N.Y 2000). Matters concerning discovery generally are considered non-dispositive orders. Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

**REQUEST FOR RECONSIDERATION**

*Defendant's Argument*

The County argues that the Magistrate Judge correctly found that the report is work product. Rule 26(b)(3) provides for the disclosure/production of work product, but only if the requesting party demonstrates that it has a substantial need for the information and cannot otherwise obtain the information without undue hardship. No evidence was presented regarding any substantial need or undue hardship by Plaintiff. Further, the order on the motion to quash does not discuss Plaintiff's need or hardship. Plaintiff failed to meet her burden and the Magistrate Judge erred by ordering disclosure of the redacted report.

*Plaintiff's Opposition*

Plaintiff argues that producing the redacted report does not violate the work-product privilege.  The disclosure of mere facts cannot reveal counsel's legal theories or strategies.  Granting the County's request would result in a rule that a party could not compel disclosure of any document containing work product redactions.  Further, Plaintiff states that she has a substantial need for the report because establishing the knowledge of the County is critical for her causes of action.

*Magistrate Judge's Order*

After determining that the report is privileged as work-product and that there was no waiver by the County, the Magistrate Judge ordered:

> Nevertheless, the identity and location of persons having knowledge of any discoverable matter are discoverable as are the underlying factual information included in the report.  These various matters are not protected as work product.  Where, as here, a document includes both the attorneys' mental impressions and legal theories, as well as discoverable information, disclosure may be ordered with portions deleted.

Court's Docket Doc. No. 23 at 5:3-8.

The Magistrate Judge then ordered the County to "produce the report and all documents included in the report, redacting Ms. Gonzales' mental impressions, conclusions and/or opinions." Id. at 5:12-13.

*Legal Standard*

The work-product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), is a qualified immunity which protects from discovery documents and tangible things prepared by a party or that party's representative in anticipation of litigation.  See Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503, 507 (S.D. Cal. 2003).  In relevant part, Rule 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. Pro. 26(b)(3) (emphasis added).

"The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576 (9th Cir. 1992). Rule 26(b)(3) protects 'fact' work product and 'opinion' work product. See Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999); Green v. Baca, 226 F.R.D. 624, 652 (C.D. Cal. 2005); Kintera, 219 F.R.D. at 507. "Opinion work product" consists of the mental impressions, conclusions, or legal theories of an attorney or other representative of a party. See FDIC v. Wachovia Ins. Servs., 241 F.R.D. 104, 106 (D. Conn. 2007); Green, 226 F.R.D. at 652; Kintera, 219 F.R.D. at 507. "Fact work product" (also called "ordinary work product") is factual material that is prepared in anticipation of litigation or trial. FDIC, 241 F.R.D. at 106; United States ex rel. Yannacopoulos v. Gen. Dynamics, 235 F.R.D. 661, 664 (E.D. Ill. 2006); Kintera, 219 F.R.D. at 507; United States ex rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 559 (C.D. Cal. 2003). Once a document or tangible thing is determined to be work product, the showing necessary to overcome the privilege depends on whether the work product is opinion work product or fact work product. Green, 226 F.R.D. at 652. "Fact work product" may be ordered disclosed if the requesting party demonstrates both a "substantial need" and "an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." Chaudhry, 174 F.3d at 403; McKenzie v. McCormick, 27 F.3d 1415, 1420 (9th Cir. 1994); FDIC, 241 F.R.D. at 106; Yannacopoulos, 235 F.R.D. at 664; Green, 226 F.R.D. at 652; Bagley, 212 F.R.D. at 559; see Fed. R. Civ. Pro. 26(b)(3). Without Rule 26(b)(3)'s showing of substantial need and undue hardship, the requesting party must rely on alternative means, for example depositions, for discovering the non-privileged facts contained within/underlying the protected report. See Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1466-67 (11th Cir. 1984); In re International Systems & Controls Corp., 693 F.2d 1235, 1240-41 (5th Cir. 1982); Maloney v. Sisters of Charity Hosp., 165 F.R.D. 26, 30-31 (W.D. N.Y. 1995); In re Air Crash Disaster at Sioux City, 133 F.R.D. 515, 520-21 (N.D. Ill. 1990). Opinion work product is entitled to nearly absolute protection, and is only discoverable upon a showing of necessity and unavailability by

other means.  See McKenzie, 27 F.3d at 1420; Green, 226 F.R.D. at 652; Bagley, 212 F.R.D. at 559.  However, while work product immunity protects documents and tangible things, it generally does not protect the underlying facts contained within the document or tangible thing. See Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-513. 515 (D. Minn. 1997); Phillips Elecs. N. Am. Corp. v. Universal Elecs., 892 F. Supp. 108, 110 (D. Del. 1995).

*Discussion*

The Magistrate Judge found that the report was generated in anticipation of litigation and thus, was work product.  Because the report is work product, the report is entitled to the protections of Rule 26(b)(3).  Given the redaction and the lesser showing needed to overcome the immunity, the Court will assume without deciding that the report is "fact work product," although the report apparently contains mental impressions and legal analysis.  As "fact work product," before the report itself is produced, Plaintiff must demonstrate both substantial need for the report and the inability to secure the substantial equivalent of the report by alternate means without undue hardship.  Fed. R. Civ. Pro. 26(b)(3); Chaudhry, 174 F.3d at 403; McKenzie, 27 F.3d at 1420; Green, 226 F.R.D. at 652.

Here, the order on the motion to quash considers the "opinion work product" aspect of the report (through redaction), but does not consider or address the "fact work product" aspect of the report.  The order correctly recognizes that the underlying facts of the report are generally discoverable.  However, those underlying facts must be discovered through alternate means and not through the production of the report itself, unless Plaintiff meets her burden under Rule 26(b)(3).  The order on the motion to quash does not address either Plaintiff's substantial need for the report or undue hardship, and Plaintiff's opposition to the motion to quash shows that she made no such arguments.  See Court's Docket Doc. No. 19.  The order on the motion to quash should not have required disclosure of the report because Plaintiff did not show that she had both a substantial need for the report and an inability to secure the substantial equivalent of the report by alternate means without undue hardship.  Simply put, the report itself, albeit in redacted form, was ordered produced without consideration of Rule 26(b)(3)'s requirements of substantial need

and undue hardship.[1]  Because the order requiring disclosure does not consider critical elements of the applicable standard, the order is contrary to law.[2]  See Hawaii, 469 F.Supp.2d at 846.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant County of Calaveras's Request for Reconsideration is GRANTED; and
2. That portion of the Magistrate Court's order on the motion to quash (Court's Docket Doc. No. 23) that requires disclosure of the report is MODIFIED in that Defendant, at this time, is not ordered or required to produce the report in any form to Plaintiff.

IT IS SO ORDERED.

**Dated:    September 6, 2007**            /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

---

[1] Given Plaintiff's dire prediction of the consequences of granting reconsideration, the Court reiterates that it is not ordering that the underlying facts of the report cannot be discovered.  Rather, given that the report has been found to be work product, the report itself, even in redacted form, cannot be disclosed unless and until Plaintiff meets Rule 26(b)(3)'s twin requirements of substantial need and undue hardship.

[2] In her opposition to this request for reconsideration, Plaintiff briefly argues that she has a substantial need for the report and also that witnesses likely will not remember key facts.  However, Plaintiff's argument is inadequately developed and she did not make these arguments to the Magistrate Judge.  The Court believes that the Magistrate Judge should pass on this discovery issue in the first instance and in the context of a sufficiently developed argument/motion.  A discovery motion filed with the Magistrate Court by Plaintiff may be appropriate at a later time.  Cf. In re Air Crash, 133 F.R.D. at 520-21.